OPINION OF THE COURT
Ralph A. Beisner, J.
This is a proceeding pursuant to Executive Law §63 (12). Respondent John J. Lodato (Lodato) is the sole shareholder and officer of Pyramid Resources, Inc. (Pyramid) and Riverside Sales, Inc. (Riverside). Since 1986 Lodato, through these two corporations, has owned and operated a business in New-burgh, New York, which brokers loans for the purchase or refinancing of mobile homes. In many of these transactions title to the mobile home was transferred from the consumer to Lodato who then transferred title, as seller, back to the consumer for whom the loan was arranged. The consumers then entered into retail installment contracts with Lodato to secure their loans.
The petitioner alleges that Lodato, Pyramid and Riverside (hereinafter collectively Lodato) have defrauded consumers and have engaged in fraudulent and illegal practices in several ways: (1) consumers borrowed money through Lodato expecting that an existing lien on the mobile home would be satisfied with the loan proceeds but Lodato fraudulently retained the loan proceeds; (2) in transactions in which Lodato acted as loan broker, consumers were charged fees in excess of the maximum broker fee permitted by General Obligations Law § 5-531 (1); (3) Lodato collected fees in advance of the disbursement of loan proceeds in violation of General Obligations Law § 5-531 (2) (c); and (4) in transactions in which Lodato acted as seller, the consumers were charged various fees which are prohibited by Personal Property Law § 303 (5).
By order dated and entered January 28, 1992 the petition was granted as against Lodato, Pyramid and Riverside, all of whom defaulted in this proceeding. The proceeding was discontinued as against First Vermont Bank and Trust Co.
Still at issue is the liability, if any, of Security Pacific Housing Services, Inc. (Security Pacific), the assignee of many *442 of the retail installment contracts which are the subject of this petition. Security Pacific entered into two agreements with Lodato pursuant to which it financed over 70 transactions. The petition does not allege that Security Pacific was involved in any way in the fraudulent conduct of Lodato. The court has already found that Security Pacific has no liability to any consumers who borrowed money directly from Security Pacific or to those consumers from whom Lodato, in his capacity as broker not seller, collected fees in excess of those permitted by General Obligations Law § 5-531 (1).
Security Pacific’s liability, if any, to the defrauded consumers arises under Personal Property Law §302 (9): “The assignee of a retail installment contract or obligation shall be subject to all claims and defenses of the buyer against the seller arising from the sale notwithstanding any agreement to the contrary, but the assignee’s liability under this subdivision shall not exceed the amount owing to the assignee at the time the claim or defense is asserted against the assignee.”
The petition alleges that Security Pacific is subject to the consumers’ claims and defenses against Lodato in those transactions in which Lodato acted as seller and defrauded consumers either by failing to pay off an existing lien from the loan proceeds or by charging fees in violation of Personal Property Law § 303 (5). By order dated and entered January 28, 1992 the court granted Security Pacific’s cross motion for disclosure with respect to the allegations against it. That disclosure is complete and petitioner has renewed its application for relief as against Security Pacific.
It is undisputed that in the transactions at issue on this application the consumers sought Lodato’s service in connection with either a refinancing of an existing loan on their mobile home or to secure financing of a mobile home which they were purchasing from a third party. In arranging this financing documents were executed reflecting a sale of the mobile home from the consumer or third party to Lodato. A bill of sale was then executed transferring the mobile home from Lodato to the consumer. The consumer then entered into a retail installment contract with Lodato for the purchase of the mobile home. The retail installment contracts at issue were then assigned to Security Pacific.
In one transaction Lodato failed to pay off an existing lien. In approximately 49 other transactions Lodato, while acting as seller, collected fees in violation of Personal Property Law § 303 (5) which expressly limits the permitted fees.
*443 According to Security Pacific, Personal Property Law § 302 (9) is inapplicable to these transactions because Lodato was not a retail seller and the consumers were not retail buyers. It argues that all of these transactions were either refinancings or third-party sales orchestrated through Lodato and the consumers knew they were not in fact "buying” the mobile home from Lodato but rather arranging financing.
Counsel have not cited and the court’s research has not disclosed any reported decisions which address the liability of an assignee of a retail installment contract executed in circumstances such as those presented in this petition. Petitioner urges the court to focus on the documents which the parties executed.
Personal Property Law § 301 (2) defines a buyer as a person who buys a motor vehicle from a retail seller and who executes a retail installment contract in connection therewith. A seller is defined as a person who sells a motor vehicle to a retail buyer under or subject to a retail installment contract. (Personal Property Law § 301 [3].) It is undisputed that Lodato and the consumers whose claims are at issue executed retail installment contracts in connection with bills of sale of the mobile homes. These retail installment contracts meet the definition of such contracts in Personal Property Law § 301 (5) because Lodato retained a security interest in the mobile homes as security for the buyer’s obligation.
Security Pacific accepted the assignment of these retail installment contracts. The contracts all contain a clause which provides that any holder of the contract is subject to all claims and defenses which the debtor could assert against the seller (see, Personal Property Law § 302 [9]). Security Pacific seeks, on the one hand, to accept the assignment of the retail installment contracts and the benefits which inure to it as holder and then disavow its liability as holder on the ground that the contracts are not retail installment contracts.
These retail installment contracts satisfy the statutory definition thereof. Security Pacific is the holder of these contracts. The debtors have asserted defenses against Lodato, the seller, and Security Pacific is subject to these defenses up to the amount of the consumers’ indebtedness.
Petitioner has attached, as exhibit 2 of this application, a numbered list of the consumers on whose behalf this petition is brought. The court will refer to the consumers by number.
Consumer 29 has a claim against Lodato in the amount of *444 $29,605.21 because of Lodato’s failure to satisfy a lien from the loan proceeds. This consumer also has a claim against Lodato in the amount of $1,130 representing fees charged by Lodato in this transaction in excess of those permitted by Personal Property Law § 303 (5). Since these are claims by the debtor against the seller, Security Pacific is subject to them and must credit the account of this consumer in an amount equal to the unpaid lien and the excessive fees (Personal Property Law § 302 [9]). Consumer 29 makes an additional claim against Lodato in the amount of $2,700 for broker’s fees in a subsequent transaction in which a sale was rescinded. This unrelated claim is not a claim arising out of the sale which is the basis of the retail installment contract and Security Pacific is not liable for it.
Consumers 1-15, 17-28, 30-37, and 39-50 have claims against Lodato based on his collection of unauthorized fees. In each of these transactions Lodato acted as seller and the consumer and Lodato executed a retail installment contract. The fees which these consumers paid Lodato are in excess of those permitted by Personal Property Law § 303 (5). Since the excessive fees are claims by the debtors against the seller, Security Pacific is subject to them and Security Pacific must credit the accounts of these consumers in an amount equal to the excessive fees. (Personal Property Law § 302 [9].)
The exhibits annexed to this motion and those attached to the original petition sufficiently document the nature of each of these transactions as retail installment sales between the consumers as buyers and Lodato as seller.
The petition is denied with respect to the claims of consumers 16 and 38 because the supporting documents do not establish that these transactions were retail installment sales.
Petitioner’s application for prejudgment interest is denied. (CPLR 5001 [a].)